(Decided 16th November, 1883.)

JAMES McDONALD *vs.* THE WORKINGMEN'S BUILDING ASSOCIATION OF CUMBERLAND.

*Appeal—Mortgage—Construction of the Act of 1876, ch. 327, (Code, Art. 16, sec. 125,) providing for a Decree in personam against the Mortgagor; and practice thereunder.*

A decree was passed for the sale of certain mortgaged premises. Before the date of the decree the mortgagor disposed of his equity of redemption. An appeal from the decree was taken by him, he disclaiming, however, all purpose or desire of affecting the rights of the purchaser under the decree. HELD:

That the appeal must be dismissed, the appellant having no interest in the reversal of the decree in respect to any remaining interest in the mortgaged premises.

The principles of justice, as well as good practice would seem to require in all cases under the Act of 1876, ch. 327, (Code, Art. 16, sec. 125,) that as preliminary to the decree *in personam,* upon the motion or application of the complainant, an order *nisi* should be passed and served on the defendant, requiring him by a day certain to show cause against the decree sought against him.

And upon such notification to the defendant the Court would be required to hear and determine any defence that could be made in an action at law upon the covenants in the mortgage.

Where the mortgage has not been executed under the seal of the mortgagor, the decree under the statute cannot be maintained.

APPEAL from the Circuit Court for Allegany County, sitting in Equity.

The case is stated in the opinion of the Court.

The cause was argued for the appellant, before BARTOL, C. J., YELLOTT, MILLER, ALVEY, and IRVING, J.

*William Brace*, for the appellant.

No appearance for the appellee.

ALVEY, J., delivered the opinion of the Court.

There are two appeals in this record; one from the decree of the 10th of June, 1879, decreeing the sale of the mortgaged premises, and the other from the decree of the 30th of April, 1883, *in personam*, decreeing the payment by the appellant of the balance due on the mortgage debt, after applying the net proceeds of the sale of the mortgaged premises.

1. As to the first of these appeals, it is shown by the appellant himself that his equity of redemption in the mortgaged property had been disposed of before the decree of the 10th of June, 1879, was passed; and that, consequently, he has no interest in the reversal of that decree in respect to any remaining interest in the mortgaged premises; and he disclaims all purpose or desire of affecting the rights of the purchaser under the decree. We may therefore, without inquiring into the right of appeal, dismiss the appeal from the decree of the 10th of June, 1879.

2. With respect to the decree of the 30th of April, 1883, questions are raised of some practical importance. That decree is *in personam*, and was passed under the Act of 1876, ch. 327, (Code, Art. 16, sec. 125,) against the appellant for the payment of the balance of the mortgage debt, after the application of the net proceeds of the sale of the mortgaged property. The statute provides, "that if upon the sale, under the decree, of the whole mortgaged prop-

erty, the net proceeds thereof, after the costs allowed by the Court are satisfied, shall not suffice to satisfy the mortgage debt and accrued interest, *as this shall be found by the judgment of the Court* upon the report of the auditor thereof, the Court may, upon the motion of the complainant, enter a decree *in personam* against the mortgagor, or other party to the suit who is liable for the payment thereof; provided, the mortgagee *would be entitled to maintain an action at law upon the covenants contained in said mortgage* for said residue of the said mortgage debt, so remaining unsatisfied by the proceeds of such sale, which decree shall have the same effect as a judgment at law, and may be enforced only in like manner by a writ of execution in the nature of a writ of *fieri facias,* or otherwise."

It is contended by the appellant that the decree *in personam,* under the statute, was entered without any notice to the appellant, or any opportunity allowed him to show cause against such decree, and that it was therefore erroneously entered. ' And upon examination of the record it is apparent that no such notice was in fact given. In thus entering the decree we think there was error. The Court cannot be called upon to render the decree *in personam* until all the proceeds of the sale of the mortgaged premises have been applied; and it is only for the balance of the mortgage debt that may remain due that the decree can be entered. Whether any defence, such as payment or release, or any other defence to the claim for a personal decree for the balance, has arisen since the passage of the decree for sale, and the distribution of the proceeds, are matters in which the mortgagor may be interested, and he should have an opportunity in Court to raise any proper defence that he may have to the recovery sought. Otherwise injustice might be done, and especially after the lapse of such a long time as was allowed to intervene in this case between the date of the original decree and the date of the decree *in personam ;*—a period of nearly four

years,—and a period of over two years intervened from the ratification of the auditor's report, distributing the proceeds of sale and showing the balance due, to the date of the last decree. The principles of justice, as well as good practice, would seem to require in all cases under the statute, that, as preliminary to the decree *in personam,* upon the motion or application of the complainant, an order *nisi* should be passed, and served on the defendant, requiring him, by a day certain, to show cause against the decree sought against him. And upon such notification to the defendant the Court would be required to hear and determine any defence that could be made in an action at law upon the covenants in the mortgage ; for it is by virtue of the personal covenants to pay the mortgage debt that the decree *in personam* is authorised to be entered. It clearly would not be just or proper to conclude the party by a personal decree, to have the effect of a judgment at law, without giving him a fair opportunity to present his defences.

But apart from the error to which we have just referred, the decree under the statute cannot be maintained in this case, because the mortgage appears not to have been executed under the seals of the mortgagors. No action of covenant could be maintained upon the stipulation to pay the mortgage debt, and therefore no decree *in personam,* under the statute, can be entered. It is expressly provided that the right to such a decree shall only exist where the mortgagee would be entitled to maintain an action at law upon the covenants contained in the mortgage for the residue of the mortgage debt. The defect in the mortgage was doubtless overlooked by the Court below, but, however that may be, it is fatal to the personal decree against the appellant.

It follows that the decree must be reversed.

*Decree reversed.*

(Decided 16th November, 1883.)