(Decided March 26th, 1896.)

---

LAURA LEE CAPRON *vs.* CHRISTIAN DEVRIES
OF S., Trustee.

*Liability of Married Women Purchasing Property at a Judicial Sale—
Constitutional Law—Trial by Jury in Civil Cases—Decree in
Personam—Enlarging Jurisdiction of Equity.*

When a married woman becomes the purchaser of property at a trus-
tee's sale, under a decree, and upon her failure to comply with the
terms thereof the property is resold at her risk for a less sum, the
Court has power, under Code, Art. 16, sec. 194, to pass a decree *in
personam* against her for the deficiency.

The said statute authorizing a Court of Equity to make a decree *in
personam* for the deficiency against a recalcitrant purchaser at a
judicial sale when the property has been resold at his risk, is not in
violation of Constitution, Art. 15, sec. 6, providing that the right of
trial by jury of all issues of fact in civil proceedings shall be inviol-
ably preserved.

Nor is such statute in violation of Constitution, Art. 4, sec. 28, relat-
ing to the jurisdiction of Courts in Baltimore City.

The constitutional right of parties to a trial by jury in civil cases does
not prevent the Legislature from empowering a Court of Equity to
pass a decree for the payment of a sum of money which the Court
finds to be due from one suitor to another in a proceeding pending
before it.

Appeal from an order of the Circuit Court of Baltimore
City (WRIGHT, J.), making absolute a previous order *nisi*
directing the appellant to pay a certain sum to the appellee.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, BOYD and RUSSUM, JJ.

*David Stewart*, for the appellant.

I. Under the scheme of Maryland jurisprudence a purchaser from a trustee in equity cannot, by a personal decree or order, be compelled to pay the amount of the purchase money. The trustee must sue the purchaser at law. (1). To pass such an order is beyond the power and jurisdiction of this Court. 1 *Pomeroy Equity Jurisp.*, sec. 178. (2). Equity does not acquire such jurisdiction in this case from the maxim that when equity has once acquired jurisdiction it will conduct the matter to its close. This case is a suit for the sale and partition of lands. Mrs. Capron is not a party but only a purchaser. If this Court can enforce the contract against her, it can enforce any contract made by one of its trustees with any person. Such practice is not in accordance with the precedents of this or any other Court of Chancery. Trustees and receivers are constantly instructed by Courts of Equity to institute suits at law. (3). It is not included within the equity jurisprudence to decree specific performance.

A vendor cannot have a decree for the payment of the purchase money if his remedy is full and adequate at law. 3 *Pomeroy, Eq. Juris.*, sec. 1401 ; *Fry, Specific Performance*, sec. 54 to 63, 83, 1209, &c. ; *Jones and Newhall*, 115 Mass. 244 ; *Fardy* v. *Williams*, 38 Md. 493 ; *Lawson* v. *Davis*, 7 Gill, 261 ; *Fletcher* v. *Hooper*, 32 Md. 210. (4). The Court has not acquired such jurisdiction from the Code, Art. 16, sec. 194 (Act 1841, ch. 216), because the provision of this statute relating to the decree *in personam* is unconstitutional and void. Compare Code, Art. 16, sec. 187, which was considered in *McDonald* v. *Workingmen's Building Association*, 60 Md. 589, and which was amended by Act of 1892, ch. 11, sec. 157. This statute was by general consent invalid, and our Equity Court always refused to enforce it. The judicial system of the State is fixed by the Constitution

and can be changed only by constitutional amendment. By the Declaration of Rights, Articles V and XXIII, the inhabitants of Maryland are entitled to the common law of England and the trial by jury, according to the course of that law, &c., and can be deprived of their property only by judgment of their peers or by the law of the land. Section 28 of the Maryland Constitution provides that the Baltimore City Court, the Superior Court and the Court of Common Pleas, shall have concurrent jurisdiction in all civil common law cases. It is perfectly plain that this Equity Court can be given jurisdiction in common law cases only by constitutional amendment. 3 *Am. Enc. of Law*, page 693; *Com.* v. *Commissioners*, 37 Pa. St. 237; *Gibson* v. *Templeton*, 62 Texas, 555; *McCoy* v. *Johnson*, 70 Md. 490; 2 *Pomeroy Eq.*, sec. 914; 2 *Story on the Constitution*, sec. 539; *Coxe on Judicial Powers*, secs. 222, 241, 250, 286; *Den* v. *Hoboken Co.*, 18 Howard, 272.

II. This Court has no power to enter a decree for the payment of purchase money on an unwritten contract of a married woman alone. She can make no contract except as provided by statute. *Hoffman* v. *Schupp*, 80 Md. 611; *Lowekamp* v. *Koechling*, 64 Md. 95. The statute relating to resales was passed in 1841 and certainly was not intended to apply to married women.

It must be noted that the reasoning of *Fowler* v. *Jacobs*, 62 Md. 326, applies to *all purchases* of a married woman, and that if that case stands she can be sued not only as purchaser of land but as purchaser of furniture, clothing, food, etc. As nearly all contracts to pay money are results of purchases, the limitation of our statutes that a married woman can be liable only in the joint written contract of herself and her husband is practically annihilated. Of course, it is unjust that a married woman should buy and hold property (as in the case of *Fowler* v. *Jacobs*) without paying for it. And in one way or other all cases hold the property purchased by a married woman liable for the purchase money. (Cases collected, *Stewart, Husband and*

*Wife*, sec. 223.   But except under broad statutes the married woman is not held personally liable on contracts of purchase.   *Dunning* v. *Pike*, 46 Me. 461 ;  *Gale* v. *Dederer*, 18 N. Y. 265 ;  *Gale* v. *Dederer*, 22 N. Y. 450;  *Doyle* v. *Orr*, 51 Miss. 229, 232 ;  *Jones* v. *Crosthwaite*, 17 Iowa, 392, 402.   The equities in *Fowler* v. *Jacobs* were very strong against the married woman.   She had bought and occupied the land for years, and tried to get out of paying for it. The equities in this case are those which usually arise, except where the married woman is a trader.   A husband agrees, in his wife's name, to buy land.   The contract is broken.   The land is resold at a great loss, and this loss falls upon her.   A husband is thus able to pledge his wife's credit without her knowledge or consent.

   *Richard S. Culbreth*, for the appellee.

   BRYAN, J., delivered the opinion of the Court.
   Mrs. Capron, a married woman, purchased certain real estate in the city of Baltimore at a sale decreed by a Court of Equity.   Alleging a defect in the title she refused to accept and pay for it ; and thereupon the Court ordered a resale at her risk and expense.   On a resale the property brought less than at the former sale, and the Court passed an order that Mrs. Capron should pay the deficiency to the trustee.   She has appealed.
   She contends that the Court had no jurisdiction to pass such an order ; and that it had no power to enter any personal decree against her, and that she is not liable on her purchase at the trustee's sale in this case.   Both these questions have been decided contrary to her positions in *Fowler* v. *Jacobs*, 62 Md. 326 ; approved in *Galloway* v. *Shipley*, 71 Md. 246.   Ever since the decision in 62 Maryland the law has been regarded as settled ; and we think it unnecessary now to reopen these questions.   In this last mentioned case it is said : "But what does the decree *in personam*, so much mentioned  in the argument mean and amount to in a case

like the present? It means this, and this only, that unless
by a given time the *feme covert* pays the amount still due
on her purchase, that any separate property of hers which
she would have the right to pledge in order to pay or secure
a debt, may be taken in execution to pay what she owes on
her purchase, or that such property is liable therefor."

It is now argued that the statute under which the Court
passed this order is unconstitutional. It is Article 16 of
the Code, section 194. We could not so hold without de-
ciding that the order in *Fowler* v. *Jacobs* was erroneous. It
is maintained that it is violation of Articles five and twenty-
three of the Declaration of Rights, and of the sixth section
of Article fifteen of the Constitution. These citations were
intended to show the inviolable character of the right of
trial by jury and of Magna Charta. This will not be ques-
tioned. The section from the fifteenth Article is in these
words : Sec. 6. "The right of trial by jury of all issues of
fact in civil proceedings in the several Courts of Law in this
State, where the amount in controversy exceeds the sum of
five dollars, shall be inviolably preserved." It must be evi-
dent that there is no reference to a trial of an issue of fact
in another jurisdiction : a Court of Equity for instance. It
can hardly be established that the Legislature has not the
power to enlarge the jurisdiction of equity. The system
of equity jurisprudence has been of steady growth ever
since its origin ; sometimes by the effect of judicial decisions ;
and sometimes by statute law. It is difficult to see a reason
why the Legislature could not give it the jurisdiction to pass
a decree for the payment of a sum of money which the Court
finds to be due from one suitor to another in a proceeding pend-
ing before it. It is said that this power was taken away as far
as regards the Equity Courts in Baltimore by the Constitu-
tion in the twenty-eighth section of the fourth Article, which
declared that the several Law Courts in the city of Balti-
more should each have concurrent jurisdiction in all civil
common law cases. If by this position it is meant that the
jurisdiction of the Equity Courts must remain without

alteration as it was when the present Constitution was adopted until there is a constitutional amendment, it is in opposition to that portion of the thirty-ninth Article which gives the General Assembly power to " reapportion, change or enlarge the jurisdiction of the several Courts in Baltimore City." But when we reflect that this power was conferred on Courts of Equity by the Legislature in eighteen hundred and forty-one, thirty-five years before the present Constitution was adopted, we must see how unnecessary it is to discuss this question of constitutional power.

*Order affirmed with costs.*

(Decided March 26th, 1896.)