# MERCANTILE BANK *v.* MARYLAND TITLE GUARANTEE COMPANY.

*Judicial Sale—Default by Purchaser—Deficiency on Resale—Personal Judgment—Collateral Attack.*

In the case of a foreclosure sale, a judgment *in personam* against a defaulting purchaser for the deficiency on a resale, to which he is made liable by Code, art. 16, sec. 239, if entered before an order *nisi* was passed and served on him, is illegal and void, even though the petition for a resale at his risk, and an order *nisi* thereon, were personally served on him.

pp. 323-328

A judgment for the deficiency on a resale, against a defaulting purchaser, if rendered without jurisdiction by reason of the lack of an order *nisi* previously passed and served on him, may be collaterally attacked by a creditor of such defaulting purchaser, asserting a claim under a later judgment against the surplus proceeds of property, belonging to such purchaser, sold at foreclosure.                                   pp. 328, 329

*Decided June 9th, 1927.*

Appeal from the Circuit Court for Baltimore County, In Equity (GRASON, J.).

Exceptions by the Mercantile Bank of Baltimore to an auditor's account distributing the surplus proceeds of sale under a mortgage made by Clarence M. Griffin and wife, by which account priority was accorded a judgment against said Griffin, entered to the use of the Maryland Title Guarantee Company, as against a judgment in favor of the said exceptant. From an order ratifying the account, the exceptant appeals. Reversed.

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*James K. Cullen,* with whom were *Benson, Rowe & Cullen* on the brief, for the appellant.

*Louis J. Jira,* with whom was *E. Brent Donaldson,* on the brief, for the appellee.

DIGGES, J., delivered the opinion of the Court.

The appeal in this case is from an order of the Circuit Court for Baltimore County, overruling exceptions of the appellant to the auditor's account in the case of T. Bayard Williams, assignee, v. Clarence M. Griffin and Virginia B. Griffin, his wife. This proceeding was for the sale of the mortgaged premises belonging to Clarence M. Griffin. Default having occurred in the payment of the mortgage in-

debtedness, and the mortgage having been assigned to T. Bayard Williams, the property was sold. Junior to the lien of the mortgage, there were two judgments of record in the office of the clerk of the Circuit Court for Baltimore County, one in favor of the Maryland Title Guarantee Company, the appellee here, dated November 6th, 1924, in the amount of $618.47, and another in favor of the Mercantile Bank of Baltimore City, the appellant here, obtained in the Superior Court of Baltimore City and recorded in Baltimore County on the 17th day of December, 1924, in the amount of $8,824. Petitions were filed by the respective owners of these judgment lien claims for the allowance thereof out of the proceeds of sale of the mortgaged premises in the said case of Williams v. Griffin. The auditor stated his account, allowing to the appellee its judgment in full, and allowing the appellant the balance. The appellant excepted to the ratification of the auditor's account, alleging that the judgment of the appellee, allowed in said account in full, was void, and that the whole balance, after the payment of the costs and the mortgage claim, amounting to $879.48, should have been allowed to the appellant on account of its judgment. Upon the hearing on these exceptions, the lower court finally ratified the auditor's account, from which, as stated, the appeal here is taken.

The claim of the appellee, upon which judgment was obtained, arose in the following manner. The Kosciusko Permanent Loan & Savings Association held a mortgage against Charles A. Howell and wife on land located in Baltimore County. Default having occurred in this mortgage, foreclosure proceedings were instituted in April, 1924, culminating in a sale of the mortgaged premises to Clarence M. Griffin, which sale was reported to and finally ratified by the Circuit Court for Baltimore County on July 2nd, 1924. The purchaser, Griffin, failing to comply with the terms of sale, the attorney named in the mortgage, who made the sale, filed a petition asking the court for an order of re-sale at the purchaser Griffin's risk. On this petition an order *nisi* was passed, requiring Griffin to show cause, on

or before August 14th, 1924, why a re-sale should not be had at his risk, provided a copy of the petition and order *nisi* be served upon him on or before the 6th day of August, 1924. The petition and order were served on Griffin on August 2nd, 1924, and no cause having been shown, the court passed a final order for the re-sale on August 15th, 1924. The purchase price at the first mortgage sale, to Griffin, was $2,600, and on the re-sale the property was sold to the mortgagee for the sum of $2,130, being less than the first sale, to Griffin. The auditor's account in the second sale showed a balance due to the Kosciusko Permanent Loan and Savings Association, the mortgagee, of $618.47, for which amount the petition of the mortgagee asked for a personal judgment against Griffin. The petition for the personal judgment was filed on November 6th, 1924, on which day, without any further notice to Griffin, the court passed the following order: "Upon the foregoing petition and affidavit, it is this 6th day of November, in the year one thousand nine hundred and twenty-four, ordered and decreed, that a judgment in favor of the Kosciusko Permanent Loan & Savings Association, be and is hereby extended against Clarence M. Griffin for the balance of $618.47, shown by the auditor's account in this case, to be due by the said Clarence M. Griffin, defaulting purchaser." The record discloses that Clarence M. Griffin was indebted to the appellant prior to the entry upon which its judgment of December 17th, 1924, was obtained, and prior to the entry of the judgment in favor of the Kosciusko Permanent Loan & Savings Association of November 6th, 1924; and that the judgment of November 6th, 1924, against Griffin was duly assigned by the Kosciusko Permanent Loan & Savings Association to the appellee here.

The above facts present for our determination two questions: First, Is a court of equity empowered, under section 239 of article 16 of the Code, when it has ordered a re-sale at the risk of the purchaser at the mortgage foreclosure sale, to enter a judgment against such defaulting purchaser for

the deficiency shown by the auditor's account, without notice to said purchaser or service on him of any *nisi* order or other process? Second, whether or not a judgment so entered is void and can be set aside at the instance of a creditor who was such at the time of the entry of the judgment and who subsequently reduced his debt to a judgment.

Section 239 of article 16 provides: "The court shall have full power and authority, on application by bill or petition of the trustee appointed by said court to sell real estate, to compel the purchaser thereof to comply with all or any of the terms of such sale, by process of attachment or other execution suited to the case; or the said court, upon such application, may direct the property purchased to be re-sold, at the risk of such purchaser, upon such terms as the court may direct; and in such case, if the proceeds of the re-sale, after payment of the expenses thereof and of all costs of proceeding, shall not be equal to the payment of the purchase money originally bid therefor, the court may order and direct the difference to be paid by the said purchaser, and enforce such order by execution." The last of the methods provided by this section, namely, that of ordering a re-sale of the property at the risk of the defaulting purchaser, was the one here pursued. Application was made by the party authorized to sell the property, by petition, asking that it be re-sold at Griffin's risk. A copy of this petition, with the order *nisi* requiring Griffin to show cause, was served upon him; and no cause being shown, the property was sold for an amount less than that for which he purchased it, the auditor's report showing the deficiency to be $618.47. Immediately upon the final ratification of the auditor's report, and upon the petition of the party making the sale, without any further notice to Griffin, the court entered a judgment *in personam* against him for this amount. Is such a judgment valid and binding upon the appellant? We think not.

In our opinion this question was answered and settled by this Court in the case of *McDonald v. Workingmen's*

*Bldg. Assn.,* 60 Md. 589.   That case arose under the provisions of chapter 327 of the Acts of 1876, now section 232 of article 16 of the Code, which provides: "When any suit is instituted to foreclose a mortgage, the court may decree that, unless the debt and costs be paid by a day fixed by the decree, the property mortgaged, or so much thereof as may be necessary for the satisfaction of said debt and cost, shall be sold; and such sale shall be for cash, unless the plaintiff shall consent to a sale on credit; and if upon the sale, under such decree, of the whole mortgaged property, the net proceeds thereof, after the costs allowed by the court are satisfied, shall not suffice to satisfy the mortgage debt and accrued interest, as this shall be found by the judgment of the court upon the report of the auditor thereof, the court may, upon the motion of the plaintiff, enter a decree *in personam* against the mortgagor, or other party to the suit, who is liable for the payment thereof; provided, the mortgagee would be entitled to maintain an action at law upon the covenants contained in said mortgage for said residue of the said mortgage debt so remaining unsatisfied by the proceeds of such sale; which decree shall have the same effect as a judgment at law, and may be enforced only in like manner, by a writ of execution in the nature of a writ of *fieri facias,* or otherwise."

This section deals with the obtention of a judgment *in personam* against a mortgagor for the difference between the amount due on the mortgage and the net amount derived from the sale of the mortgaged premises.   It empowers the court to enter a decree *in personam* against the mortgagor or other party to the suit who is liable for the payment thereof, upon the motion of the plaintiff, for the deficiency shown by the auditor's report; the exact language being: "The court may, upon the motion of the plaintiff, enter a decree *in personam* against the mortgagor, or other party to the suit, who is liable for the payment thereof."   This language is unambiguous, and makes no provision for giving any notice of the court's proposed action as a prerequisite

to entering judgment. Yet this Court held that a judgment *in personam* so entered, without an order *nisi* or notice to the mortgagor, was illegal and void, the court having no jurisdiction to enter such a personal judgment, Judge Alvey, speaking for the Court, saying: "It is contended by the appellant that the decree *in personam*, under the statute, was entered without any notice to the appellant, or any opportunity allowed him to show cause against such decree, and that it was therefore erroneously entered. And upon examination of the record it is apparent that no such notice was in fact given. In thus entering the decree we think there was error. The court cannot be called upon to render the decree *in personam* until all the proceeds of the sale of the mortgaged premises have been applied; and it is only for the balance of the mortgage debt that may remain due that the decree can be entered. Whether any defense, such as payment or release, or any other defense to the claim for a personal decree for the balance, has arisen since the passage of the decree for sale, and the distribution of the proceeds, are matters in which the mortgagor may be interested, and he should have an opportunity in court to raise any proper defense that he may have to the recovery sought. * * * The principles of justice, as well as good practice, would seem to require in all cases under the statute that, as preliminary to the decree *in personam*, upon the motion or application of the complainant, an order *nisi* should be passed, and served on the defendant, requiring him, by a day certain, to show cause against the decree sought against him. * * * It clearly would not be just or proper to conclude the party by a personal decree, to have the effect of a judgment at law, without giving him a fair opportunity to present his defenses." It is true that the proceedings in the case just quoted from were under a different section of the Code, but we are unable to discover any sound reason why the principles there enunciated should not be applied in the case now under review. We therefore feel compelled to hold that the decision here is controlled and determined by the decision in that case.

It has been strongly urged by the appellee that the fact that the petition and order *nisi* for the re-sale of the property at Griffin's risk were served personally upon him, brought him into court and bound him as a party as to all orders or decrees passed in the case to its final conclusion. This argument is persuasive, and were it a case of first impression with this Court, might be given greater weight; but in the case of *McDonald v. Workingmen's Bldg. Assn., supra,* the mortgagor was summoned as a defendant to answer the bill for foreclosure of the mortgage, and was just as certainly in court as Griffin could be by the service upon him of the petition and order of re-sale; and yet, as we have seen, this Court held that, although he was in court for the purpose of the foreclosure sale, in order to authorize the court to enter a personal judgment there must be a further notice in the nature of an order *nisi,* giving him an opportunity to make whatever defenses he had, before the judgment *in personam* could be properly entered. If any distinction can logically be drawn between the requirements of the two sections of the Code quoted, it would seem that if, in either, personal notice is required as a prerequisite to the entry of a judgment *in personam,* it could with greater reason be omitted in such a case as *McDonald v. Workingmen's Bldg. Assn.* than in the present case, because, according to the provisions of the statute governing that case, the court was explicitly given the power to enter a decree *in personam,* while under the provisions of the statute here applicable the language is, "the court may order and direct the difference to be paid by the said purchaser." The language itself might be reasonably said to imply that before a judgment *in personam* could be entered, the court must order or direct the payment of the balance due.

Our attention has been called to only two cases in this court where a deficiency judgment *in personam* has been entered against a former purchaser, where the property was re-sold at his risk. These cases are *Fowler v. Jacob,* 62 Md. 326, and *Capron v. Devries,* 83 Md. 220. In both of these cases it appears that, before the court entered a

judgment *in personam* for the deficiency, an order *nisi* was passed and served upon the defendant requiring him to make payment before a day fixed in the order; and this, we understand, is now the generally accepted practice throughout the state.

We will consider now the second question, namely, Is the appellant in a position to attack collaterally the validity of the judgment of the appellee against Griffin? In its brief the appellee states: "The appellant, not a party to the record in the case in which the decree *in personam* was rendered, cannot now attack its validity, unless the court acquired no jurisdiction over Griffin." The effect of what we have said is to hold that the court acquired no such jurisdiction over Griffin as would enable it to enter a decree *in personam* against him for the deficiency growing out of the re-sale, and that such judgment was erroneously entered, and therefore void. It is admitted by the appellee that, if the court acquired no jurisdiction over Griffin, the judgment entered can be attacked by the appellant collaterally; and we have no doubt that this is the law, as gathered from the authorities on this subject. In *Freeman on Judgments* (5th Ed.), sec. 341, in discussing irregular or defective process, the author states: "When such matters are urged against the judgment to impeach it collaterally, it must appear that they were of a gravity sufficient to entirely invalidate the process, in which case the judgment would fail for want of jurisdiction." This statement of the author is supported by the citation of numerous decisions, and is the well-established rule. The appellant here, undertaking to attack the validity of the judgment, was a creditor of Griffin at the time the judgment was entered. It has a direct interest in the question of whether or not that judgment is a valid judgment, for the reason that if it is not, the appellant's judgment would be a first lien upon the property of Griffin, subject only to the mortgage foreclosed by Williams; and as the property at the foreclosure sale brought more than sufficient to satisfy the mortgage debt, interest and costs, it would be

entitled to the excess, instead of the appellee.   The judgment of the appellee, which, by order of the lower court ratifying the auditor's account, was allowed priority over the judgment of the appellant, being void, for the reason that the court had no power to enter the judgment *in personam* without a prior order *nisi* to the defaulting purchaser requiring him to pay the deficiency, the appellant is entitled to have the surplus, after paying the mortgage and costs in the Williams case, applied to its judgment.

Entertaining the views herein expressed, the order appealed from must be reversed.

> *Order reversed, and cause remanded, that further proceedings may be had in conformity with this opinion, with costs to the appellant.*