HERSH ET UX. *v.* ALLNUTT, ET AL.

[Nos. 128 & 179, September Term, 1968.]

514

*Decided March 4, 1969.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, McWILLIAMS, FINAN and SINGLEY, JJ.

*Manuel Auerbach* for appellants.

*Glen J. Goldburn,* with whom were *Goldburn & Walker* and *John E. Oxley* on the brief, for appellees.

MARBURY, J., delivered the opinion of the Court.

Appellants Carl Hersh and his wife, Martha Hersh, contracted in 1965 to purchase approximately one hundred twenty-nine acres of unimproved land in Montgomery County from the appellees, Joseph K. Allnutt, Richard Allnutt and Elizabeth Allnutt. Settlement was held on May 31, 1966, when appellants gave the appellees two notes and a purchase money mortgage securing the same for $135,103.60 which named the appellees' solicitor as attorney with power to sell in case of default. When the appellants failed to make their first interest payment when due and pay the real estate taxes when due, appellees' attorney notified them that the payments were owing. On May 1, 1967, the Allnutts paid the taxes due on the property and in-

formed appellants that they expected to be reimbursed by May 31, 1967, which was the date on which the next interest payment was due. When that payment was not made on time, the appellees declared the whole of both notes due and owing pursuant to the terms of the notes and mortgage, and the appellants were notified that the property was being advertised for sale. The first insertion of the advertisement of sale was published in the Montgomery County Sentinel on June 15, 1967, indicating that the property would be sold on July 10, 1967, at the court house door. Appellants maintain that their attorney tendered on July 5, 1967, the payments due as of May 31, 1967, and costs, but that appellees' attorney demanded a commission to stop the foreclosure proceedings. Although such a commission was provided in the mortgage in the event the property was advertised for foreclosure sale and not sold, the appellants refused to pay it.

On July 7, 1967, the appellees instituted a foreclosure suit. The property was sold on July 10 by the attorney named in the mortgage. On the next day a report of sale was made to the Circuit Court for Montgomery County indicating that the property had been sold to the appellees for $123,000.00, which was $12,103.60 less than the mortgage debt. The Hershes filed timely exceptions to the sale and a counterclaim on August 7, 1967. Appellees demurred to the counterclaim and filed an answer to the exceptions. On September 8, 1967, after holding a hearing, Judge Mathias overruled the exceptions. Although no record was kept of this hearing, the appellants acknowledged in their brief that Judge Mathias also stated that he would only consider evidence concerning the foreclosure sale and that another court would have to hear a case filed to consider the counterclaim. Despite this admission, the appellants deny that the court made any order at the hearing with regard to the counterclaim. On September 14, 1967, the Circuit Court ratified the sale. The case was then referred to an auditor whose report was ratified and confirmed on December 4, 1967, and the Hershes were so notified. The appellants took no appeal from these two orders.

On February 14, 1968, the appellees filed a petition for a deficiency decree against the appellants, who filed timely objections coupled with a counterclaim. The lower court overruled

appellants' objections to granting the deficiency judgment and entered a judgment in personam against them in the amount of $23,929.68, the total stated in the auditor's report. From that judgment appellants have appealed. (Equity No. 33,498). Meanwhile, the appellants had filed a separate suit in equity to rescind the contract; set aside the deed, the foreclosure and the deficiency judgment; and "for other purposes." After holding a hearing, Judge Moore sustained the appellees' demurrer without leave to amend and the appellants have appealed. (Equity No. 34,643).

Thus the appellants have appealed from the order granting a deficiency decree, and from the order sustaining the demurrer to the petition to rescind the contract and set aside the deed.

On the appeals the Hershes present seven questions.

1. Considering all the evidence and pleadings, were the foreclosure sale and the court proceeding so unfair and so tainted as to render the sale improper and void?

2. Did representation by the same person both as the attorney for the vendors-mortgagees and as the attorney named in the mortgage with power to make the sale, amount to a conflict of interests so as to render the fiduciary capacity of the attorney ineffective, biased and unfair?

3. Did the mortgagees and the attorney named to make the sale err in failing to keep the appellants' attorney advised and informed of every action once mortgagors' counsel had entered the case?

4. In view of the fact that the appellants and their attorney were not kept aware of the proceedings in Equity No. 33,498, when was there a final appealable decree entered so as to make the sale of the property final?

5. Did Judge Mathias err in Equity No. 33,498, in his refusal to consider the allegations of the mortgagors with regard to other alleged equitable aspects of the contract and mortgage at the hearing on September 8, 1967?

6. Was the ruling by Judge Mathias in Equity No. 33,498 as to the counterclaim improper?

7. Was the ruling in Equity No. 33,498 final so as to require Judge Moore in Equity No. 34,643 to rule that the petition as filed by Carl and Martha Hersh in the latter case was res judicata?

None of these questions raised by the appellants has any merit.

In his first contention, appellants' counsel attempts to upset the foreclosure sale which was ratified on September 14, 1967. However, the appellants did not appeal from that ratification, nor did they appeal from the ratification of the auditor's report. As this Court stated in *McKenna v. Sachse, Executor*, 225 Md. 595, 602, 171 A. 2d 732, 735: "The mortgagor, when pressed for a deficiency decree, may raise 'any defense that could be made in an action at law on the covenants in the mortgage,' *McDonald v. Building Ass'n*, 60 Md. 589, 592, that is, any defense such as payment or release, or any other defense to the claim which has arisen since confirmation of the sale." Appellants' defenses in the deficiency proceeding were that no action had yet been taken on the counterclaim filed in the foreclosure action, that they had filed a different suit in equity and the deficiency decree should be stayed pending the outcome of that suit, and other allegations regarding matters prior to and during the sale. Since none of these objections was based upon defenses arising after the confirmation of the sale and none involved payment or release we hold that the lower court was correct in overruling appellants' objections.

Appellants next complain that since the attorney with power to make sale in event of foreclosure was the appellees' attorney, he was unable to be fair, unbiased and impartial. The practice of naming a vendor's attorney as the attorney to make sale in a purchase money mortgage has been recognized for years as being proper and it is logical to assume that an individual's attorney would be the best person to see that his interests are protected. Appellants insist that appellees' attorney had no right to demand a commission when they belatedly offered to make interest payments after the property had been advertised for

sale. This contention has no merit since the mortgage specifically provided that such a commission be paid. Further, it is not objectionable that the property was sold to the mortgagees. Code (1968 Repl. Vol.), Art. 66, Sec. 9. See *Balto. Fed. S. & L. Ass'n v. Eareckson,* 221 Md. 527, 158 A. 2d 121.

Dealing with appellants' third and fourth points, the appellants urge that appellees and the lower court failed to notify them of the pleadings and orders filed in the case, and that as a result there was no final appealable decree entered in Equity No. 33, 498 so as to make the sale of the property final. As this Court has often said, appellants' attorney was bound to keep himself informed of the docket entries in the case. *Grantham v. Prince George's County,* 251 Md. 28, 246 A. 2d 548; *Pumphrey v. Grapes,* 215 Md. 573, 138 A. 2d 916; *Baltimore Luggage Co. v. Ligon,* 208 Md. 406, 118 A. 2d 665. The failure of appellants' attorney to do so did not prevent the orders ratifying the sale and the auditor's report from becoming final.

Appellants' fifth point urges that the lower court erred in refusing to consider their allegations with regard to the alleged inequitable aspects of the contract and mortgage at the hearing on September 8, 1967. Since the Hershes took no appeal from that action within the time set forth in Maryland Rule 812 a we need not pass upon this issue.

Next, the Hershes allege that Judge Mathias' ruling on their counterclaim presented at the hearing on the deficiency decree was incorrect. Appellants contended at that hearing that they had no knowledge of any action taken on their counterclaim filed in the previous proceeding to ratify the sale and so they had filed the same counterclaim in the deficiency proceeding. The lower court held that it had already ruled upon the prior counterclaim, and did not rule on the counterclaim presently before it. Since that court had already sustained a demurrer to an identical counterclaim and no appeal had been taken from the order sustaining the demurrer, appellants' counterclaim was barred under the doctrine of *res judicata. Pat Perusse Realty v. Lingo,* 249 Md. 33, 238 A. 2d 100; *Levin v. Singer,* 227 Md. 47, 175 A. 2d 423, *Alvey v. Alvey,* 225 Md. 386, 171 A. 2d 92.

Appellants' final point is that the ruling in Equity No. 33,498 was not final so as to require Judge Moore in Equity No. 34,-

643 to rule that their petition to rescind the contract of sale, etc. was barred by *res judicata.* Since we have already decided that the order in Equity No. 33,498 was final, we hold that Judge Moore was entirely correct in his ruling. As this Court stated in *Bachrach v. United Cooperative,* 181 Md. 315, 320, 29 A. 2d 822, 825: "So the law is firmly established in Maryland that the final ratification of the sale of property in foreclosure proceedings is *res judicata* as to the validity of such sale, except in case of fraud or illegality, and hence its regularity cannot be attacked in collateral proceedings." See *Gerber v. Karr,* 231 Md. 180, 189 A. 2d 353. Appellants' petition to rescind the contract of sale, etc. did make an allegation of fraud. However, since it gives no facts which constitute fraud the demurrer to the petition was properly sustained. *Brack v. Evans,* 230 Md. 548, 187 A. 2d 880; *Jenifer v. Kincaid,* 191 Md. 120, 59 A. 2d 765; *Ragan v. Susquehanna Power Co.,* 157 Md. 521, 146 A. 758.

For the above reasons all of the orders appealed from must be affirmed.

*Orders affirmed. Costs to be paid by appellants.*