674 A.2d 26

**Edward DeV. BUNN**

v.

**Jerome A. KUTA, Substitute Trustee.**

**No. 1000, Sept. Term, 1995.**

Court of Special Appeals of Maryland.

March 5, 1996.

Reconsideration Denied April 30, 1996.

54

Edward DeV. Bunn, Bailey's Crossroads, VA, for appellant.

Jerome E. Kuta, Camp Springs, for appellee.

Argued before WILNER, C.J., EYLER, J., and PAUL E. ALPERT, Associate Judge of the Court of Appeals (retired), Specially Assigned.

EYLER, Judge.

Edward DeV. Bunn, appellant, challenges a 5% trustee's commission, provided for in a deed of trust, awarded to Jerome A. Kuta, appellee, who foreclosed and sold by auction

for $800,000 "Independency," real property owned by Bunn located in Charles County.

## I.

The Circuit Court for Charles County ratified, without exception, the foreclosure sale that Kuta conducted on February 17, 1995. The auditor's report filed on April 7, 1995 allowed Kuta to receive $40,000 or 5% of the $800,000 auction sales price. Bunn filed exceptions to the auditor's report. In an order filed on April 26, 1995, the circuit court ratified the auditor's report save for the $40,000 trustee's commission. The circuit court set that matter for a hearing on May 19, 1995. Judge Richard J. Clark, who conducted the hearing, entered an order overruling Bunn's exceptions. Bunn then timely noted an appeal to this Court.

## II.

The issues presented to us, as paraphrased, are:

1. Was the amount of the compensation awarded to the trustee proper?

2. Did Judge Clark err in relying on the terms of the deed of trust that was not admitted into evidence?

## III.

Kuta filed a foreclosure suit on October 14, 1994, pursuant to Maryland Rule W77(a), against Bunn. The pleadings included a certified deed of trust and a deed of appointment of substitute trustee, in which the noteholder appointed Kuta as substitute trustee. At the time Kuta filed for foreclosure, the second trust holder's foreclosure suit on the property was pending. Kuta filed a petition to intervene in the second trust holder's foreclosure suit, which the circuit court granted.

As noted above, the circuit court scheduled an exceptions hearing, at which it heard testimony from Bunn and Kuta. The circuit court also reviewed the auditor's report, which read in part:

The Auditor [Thomas C. Hayden, Jr.] reports to the Court that he has examined the proceedings in the above-entitled cause, and from them has stated the annexed account.

This is a Deed of Trust foreclosure. After allowance of the usual expenses of sale, the proceeds are distributed to the noteholder in full settlement of debt. Surplus proceeds are paid to a junior lienholder.

The Suggested Audit in this case requests that the Trustee be allowed a 5% commission in the amount of $40,000.00. In addition, a $750.00 attorney's fee for the foreclosure case is requested.

The Auditor is of the opinion that it is unconscionable to allow a $750.00 attorney's fee for the foreclosure case in addition to the $40,000.00 Trustee's commission (5% of the sale price). Therefore, the claim for a $750.00 attorney's fee has been disallowed.

Later that day, after reviewing the deed of trust, *sua sponte,* the circuit court issued its decision. In part, the circuit court stated:

There is case law in the State of Maryland that is pretty clear that when parties agree under a contract as a deed of trust is to certain terms and conditions that this court should, unless there is some ambiguity as to those terms and conditions, enforce them. In my opinion the parties in this case agreed in the deed of trust instrument that if Mr. Bunn defaulted, and there [sic] was necessary for this matter to go to sale, that the trustee would proceed at 5 per cent commission. It is my opinion that the suggested audit, dated by Mr. Hayden, the auditor for this court, appropriately allowed Mr. Kuta that trustee's commission.

It is my opinion that it is neither [i]nequitable or unfair to Mr. Bunn, who agreed that Mr. Kuta would be paid that commission to allow that commission and I accordingly deny this exception or overrule I guess would be the appropriate

way, the exceptions to the auditor's report to have them filed by Mr. Bunn....

The deed of trust provided, in relevant part, that

[u]pon any default in the performance of any of the terms or conditions of said note or of any of the terms, conditions, agreements and covenants herein contained, the said trustees shall have the power to sell and shall at the request of said Lender [Bank], sell said land and premises, or any part thereof at public auction, at such time and place, upon such terms and conditions, in such parcels, and after such previous public advertisement, as said trustees in the execution of this trust shall deem advantageous and proper; and convey the same in fee simple, upon compliance with the terms of sale, to; and at the cost of the purchase or purchasers thereof, who shall not be required to see to the application of the purchase money; and of the proceeds of said sale or sales; Firstly, to pay all proper costs, charges and expenses, including all fees and costs herein provided for, including reasonable counsel fees, and all money's advanced for taxes, insurance, and assessments, with interest thereon as provided herein, and all taxes, general and special, due upon said land and premises at time of sale, and all moneys advanced and expanded [sic] by the Lender on any other account in accordance with the terms, conditions and covenants of this deed of trust and the note secured hereby, and to retain compensation as trustee a commission of five per centum of the amount of said sale or sales....

## IV.

Bunn argues that the $40,000 trustee's commission is excessive and inequitable, when compared to the time and effort expended by Kuta in his role as substitute trustee. According to Bunn, the foreclosure was routine and required no more than eight hours of labor. Although Bunn asserts that Kuta was difficult to reach and was at times uncooperative, he does not suggest that Kuta otherwise failed to fulfill his duties. Bunn points to § 14–103(a)(1) and (d) of the Estates & Trusts

Article for the proposition that a court has the authority to alter a trustee's commission for "sufficient cause." Section 14–103(a)(1) states:

> A testamentary trustee and trustee of any other trust whose duties comprise the collection and distribution of income from property held under a trust agreement or the preservation and distribution of the property are entitled to commissions provided for in this section for their services in administering the trusts. The amount and source of payment of commissions are subject to the provisions of any valid agreement. Any court having jurisdiction over the administration of the trust may increase or diminish commissions for sufficient cause or may allow special commissions or compensation for services of an unusual nature.

Section 14–103(d) states:

> For selling real or leasehold property, a commission upon the proceeds of the sale is payable at the rate allowed by rule of court or statute to trustees appointed to make sales under decrees or orders of the circuit court for the county where the real or leasehold property is situated, or if the property is located outside Maryland, for selling similar property in the county where the trust is being administered. The commission is payable from the proceeds of the sale when collected.

Alternatively, Bunn asserts that Kuta, acting as trustee, was a fiduciary, and that the trustee's commission was subject to the court's inherent power to supervise the award of compensation to fiduciaries. With respect to the deed of trust, Bunn argues that it was not admitted into evidence and should not have been considered by the circuit court; if properly before the circuit court, the circuit court incorrectly construed the terms of the deed of trust to require a 5% commission; and that the amount of commission provided for in the deed was reviewable, in any event, pursuant to the above statute or the general power of the court.

In response, Kuta asserts that the foreclosure was not routine but, rather, involved extraordinary work that required

many hours and that he properly fulfilled his duties as trustee. He asserts that the totality of the circumstances controls when reviewing an award of compensation for reasonableness and that the amount of time spent is only one factor. If the amount is determined by agreement, as in this case, it should be given effect. Kuta points out that both the auditor and the circuit court reviewed the parties' filings before rendering their respective decisions. The auditor did not approve a separate attorney's fee. The auditor reported to the circuit court that to allow Kuta to receive $750 in attorney fees, separate and distinct from the $40,000 trustee's commission, would be "unconscionable." The circuit court received evidence and heard argument with respect to disputed commissions. Finally, Kuta points to Seventh Circuit Local Rule BR7 to support his position. Local Rule BR7, reproduced in the appendix to Kuta's brief, provides, in part:

*Compensation of Trustee or Other Fiduciary.*

a. *Generally.*

In all sales of real, leasehold and tangible personal property made pursuant to an order of Court or subject to ratification by the Court, the compensation, unless fixed by the instrument pursuant to which the sale is conducted, allowed to the trustee or other fiduciary, shall be as follows:

(i) 10% on the first $3,000;

(ii) 5% on the next $50,000; and

(iii) 1% on the remainder.

b. *Increase or Decrease in Allowance by Court.*

The above allowances may be increased by order of the Court in a situation of extraordinary difficulty and may in like manner be diminished in the event of negligence, or other default on the part of the trustee or other fiduciary.

## V.

We begin our discussion by recognizing that courts have the inherent power to review compensation paid to trustees from trust assets, whether testamentary or created by *inter vivos* instrument, and the power to review compensa-

tion and expenses paid in connection with forced sales including judicial sales and sales requiring ratification by a court.

In exercising the general power of supervision, courts generally have deferred to the terms of a contractual agreement relating to compensation. We shall examine trustee's commissions from two different perspectives. The first involves trusts created to hold and administer assets, including testamentary trusts. *See Schloss v. Rives,* 162 Md. 346, 159 A. 745 (1932); *Madden v. Mercantile Safe–Deposit & Trust Co.,* 27 Md.App. 17, 339 A.2d 340 (1975); and *Sokol v. Nattans,* 26 Md.App. 65, 337 A.2d 460, *cert. denied,* 275 Md. 755 (1975). The second involves mortgages and deeds of trust. *See Gaither v. Tolson,* 84 Md. 637, 36 A. 449 (1897); *Arundel Asphalt Prods., Inc. v. Morrison–Johnson, Inc.,* 256 Md. 170, 259 A.2d 789 (1969); *Hersh v. Allnutt,* 252 Md. 513, 250 A.2d 629 (1969); and *Schneider v. Scarborough,* 198 Md. 303, 83 A.2d 860 (1951).

In *Schloss* the Court stated that when a trust is administered under the supervision of a court, the trustee's compensation is within the discretion of the court, determined from all of the circumstances. *Schloss,* 162 Md. at 351–52, 159 A. 745. Where the compensation of a conventional trustee is fixed by instrument, it is ordinarily allowed. *Id.* at 350, 159 A. 745. Where rules of court or established procedure fix a rate, they should be followed, but the chancellor has authority to increase or decrease the compensation in extraordinary cases. *Id.* at 352, 159 A. 745.

In *Madden,* the Court stated that a trust is a contract and the intent of the parties is binding, citing *Sokol. Madden,* 27 Md.App. at 50, 339 A.2d 340. The *Madden* Court discussed Maryland Annotated Code (1957), Article 16, § 199(d), the predecessor to § 14–103(d) of the Estates & Trusts Article, and stated, "[i]f a commission taken by a conventional trustee without court approval is challenged ... the court must determine whether the commission taken was authorized by the instrument, or was within the limits allowed by statute, or

was within the customary limits allowed by courts at the time." *Madden,* 27 Md.App. at 51, 339 A.2d 340.

In *Sokol,* the Court stated that a trustee's commission is subject to agreement between the parties and to review by a court for sufficient cause. *Sokol,* 26 Md.App. at 82, 337 A.2d 460. Before stating that conclusion, the Court performed an historical review. It noted that there was no statutory provision providing for compensation to conventional trustees prior to 1939. *Id.* at 71, 337 A.2d 460. It recited the English rule to the effect that no compensation was permitted unless stated in the relevant instrument because trustees were selected because of a special relationship and it was presumed that they accepted the office out of a sense of duty. This rule was never followed in the United States; the rule in this country was to allow a fair amount in the discretion of the court. The Court quoted E. Miller, *Equity Procedure* § 558 (1897) as follows:

> In trusts under a will or deed, where the instrument does not fix a rate, the usual rule is to allow a commission of five per cent. upon the income. . . .

Continuing, the Court noted that Miller, at § 557, states that a commission is ordinarily allowed where the trustee performed his duty unless performance imposed no labor or trouble or there was something in the instrument to show that no commission was intended. *Sokol,* 26 Md.App. at 73, 337 A.2d 460. Commissions were generally only allowed on the income, not the corpus. *Id.* It was neither the custom nor the law to allow commissions for terminating a trust. *Id.* The Court in *Sokol* stated that, if the instrument creating the trust provided for a certain rate of compensation, the rate in general would be allowed.

> We have been discussing the custom and law which prevailed when no compensation for services rendered by a conventional trustee was provided in the instrument creating the trust. 'If the instrument creating the trust provides for a certain rate of compensation, that rate will in general be allowed. Thus a trustee appointed by a will is entitled to

the commissions provided for by the will. . . .' *Miller, supra,* 559. Comment f to § 242, *Restatement (Second) of Trusts* (1959) at 607, is in accord: 'If by the terms of the trust it is provided that the trustee shall receive a certain amount as compensation for his services as trustee, he is ordinarily entitled to that amount. . . .'

But it goes further, adding 'and, unless it is otherwise provided, he is ordinarily entitled only to that amount.'

*Id.* at 74, 337 A.2d 460 (footnotes omitted). The Court, noting that the above principles were summed up in *Schloss,* made it clear that, historically, commissions provided for in an instrument were generally allowed except in extraordinary cases.

The Court in *Sokol* then turned its attention to the effect of § 14–103 of the Estates & Trusts Article and, at least implicitly, assumed that it did not significantly change the rules as they existed prior to enactment, *i.e.,* deference is given to the terms of an agreement absent extraordinary circumstances or, in the language of the statute, absent "sufficient cause."

The statutory scheme now set forth in § 14–103 has remained the same since its predecessor was first enacted in 1939, although subject to amendment in the interim. *Id.* at 79, 337 A.2d 460. The scheme is that commissions are payable at certain percentages on a designated amount of income collected each year; on the fair value of the corpus at the end of each year; on the sale of real or leasehold property and an allowance on final distribution. The various forms of this statute governing payment of commissions to trustees were "subject to the provisions of any valid agreement determining their compensation," and the allowance was subject to increase or decrease in the discretion of the court for "sufficient cause." The Court in *Sokol* held that the will was a valid agreement and the provision governing commissions was contractually binding when the trustee accepted his office. The trustee requested compensation in a greater amount than allowed by the will, but the Court held that the instrument was controlling in the absence of extraordinary services.

■ We will return to a discussion of the applicability of § 14–103 of the Estates & Trusts Article to trustees under deeds of trust, but first we continue with our historical review. In addition to trusts, courts have general supervisory power over forced sales. Maryland Rule W77 applies to foreclosures under deeds of trusts and incorporates Rules W71 through W76 relating to foreclosures of mortgages. Maryland Rule W74(e) provides that the procedure following a sale is the same as that provided for in Rule BR6, except that an audit is mandatory. Maryland Rule BR governs judicial sales. As explained in *Fowler v. Fitzgerald*, 82 Md.App. 166, 570 A.2d 866 (1990), the common denominator in forced sales (whether the instrument provides for a power of sale or assent to a decree) is Rule BR6, which sets forth procedures for audit and ratification. It is clear that in all such instances a court has inherent power to review compensation and expenses. As has been true for trusts generally, courts have given great deference to provisions in mortgages and deeds of trust providing for compensation.

In *Gaither v. Tolson*, 84 Md. 637, 36 A. 449 (1897), the Court had before it a mortgage that provided for compensation to the attorney involved in collecting the debt and to the person appointed to make the sale. The Court held that each person was entitled to compensation. The Court acknowledged that the person appointed to make the sale under the terms of the mortgage was responsible to all persons interested in the property and that he acted under the supervision of the court, and stated that he should be paid as provided for in the mortgage. *Id.* at 641–42, 36 A. 449.

In *Arundel Asphalt Prods., Inc. v. Morrison–Johnson, Inc.*, 256 Md. 170, 259 A.2d 789 (1969), the Court had before it a deed of trust that provided for trustee's commissions if the property was advertised for sale but not sold. The Court, citing *Hersh v. Allnutt*, 252 Md. 513, 518, 250 A.2d 629 (1969), held that such commissions were properly allowed by the auditor, because payment was provided for by the deed of trust.

In *Hersh*, the Court had before it an action to set aside a foreclosure and deficiency judgment. In that case, the mortgage provided for commissions in the event the property was advertised for foreclosure sale but not sold. *Hersh*, 252 Md. at 515, 250 A.2d 629. The trustee's attorney advertised the property for sale and demanded payment of commissions in order to stop foreclosure. The owners refused and the foreclosure was instituted. The Court upheld the commissions for sale "since the mortgage specifically provided that such a commission be paid." *Id.* at 518, 250 A.2d 629.

Finally, in *Schneider v. Scarborough*, 198 Md. 303, 83 A.2d 860 (1951), the Court had before it a mortgage that set commissions. The Court stated that the contract governed as long as the trustee properly performed his duties. The Court stated:

> Where the assignee of a mortgage has performed his work he is entitled to the commission stipulated to be paid in the mortgage, unless it is clearly proved there was a contract to the contrary.... The sole questions are, did the assignee properly conduct his duties as such, and do the commissions stipulated in the mortgage govern.

*Id.* at 309, 83 A.2d 860.

The above cases establish that, although an individual conducting a sale under a mortgage or a deed of trust is subject to the jurisdiction of the court and the amount of compensation is reviewable by the court, a provision in the instrument is given effect absent extraordinary or special circumstances.

We now turn to a discussion of § 14–103 of the Estates & Trusts Article. It is clear that Title 14, which governs trusts, and Title 15, which governs fiduciaries, apply to trustees appointed by a deed of trust. The Acts of 1974, chapter 11, § 3, page 298, provide that both titles are applicable to fiduciaries defined in § 15–101(g). Section 15–101(g) states that a "fiduciary" includes a trustee acting under a deed.

Real Property Article § 1–101(c) defines a deed as pertaining to land or property. Land or property is defined as "real

property or any interest therein or appurtenant thereto." § 1–101(f) & (k) of the Real Property Article. Section 1–101(d) defines deed of trust as an instrument that secures a debt or performance of an obligation. It does not include a voluntary grant unrelated to security purposes. Title 15 is silent with respect to compensation to trustees, but Title 14 contains § 14–103 set forth above. Additionally, Title 14 contains § 14–101, which provides that a court having equity jurisdiction has general superintending power with respect to trusts.

With respect to the application of § 14–103 specifically to deeds of trust, we note that subsection (a)(1) applies to trustees whose duties "comprise the collection and distribution of income from property held under a trust agreement or the preservation and distribution of the property," and contemplates ongoing testamentary and *inter vivos* trusts, as distinguished from sales. If applicable, subsection (a)(1) provides that the payment of commissions "are subject to the provisions of any valid agreement," but it also provides that the court "may increase or diminish commissions for sufficient cause. . . ." Subsection (d) applies to sales but relates to "trustees appointed to make sales under decrees or orders of the circuit court. . . ." It is arguable that this section does not apply in that a trustee appointed by deed with a power of sale was not "appointed to make" the sale. We note, however, that a sale pursuant to a deed is subject to ratification by the court, which may bring it within this subsection. If subsection (d) is applicable, it provides for a commission upon the proceeds of the sale, payable "at the rate allowed by rule of court or statute." We need not decide whether this statute specifically applies to a sale by a trustee pursuant to a power of sale contained in a deed of trust because, as stated previously, courts have general review power.

We turn to a discussion of Seventh Circuit Local Rule BR7. In *Fowler,* this Court set forth the history of Maryland Rule BR7, relating to compensation of trustees, which was both

promulgated and suspended in 1980.[1] At the time of the suspension, Maryland Rule 1(f) (now 1-102) was amended to provide that the general rescission of local rules did not apply to those relating to six stated categories, the fifth being "compensation of trustees in judicial sales...." Maryland Rule BR1 defines "judicial sale" as a sale subject to ratification by the court, but does not include a sale under Rule W except to the extent specifically provided therein. As discussed previously, a foreclosure under a deed of trust employs the procedures set forth in Rule BR6. Consequently, even though foreclosures are not "judicial sales," it appears that Rule 1-102 does not invalidate local rules that relate to sales subject to a ratification by a court.[2] If valid, the Rule applies by its terms to a foreclosure sale under a deed of trust as it is "subject to ratification by the court." The Rule provides that deference should be given to the terms of an instrument, if any, relating to a trustee's commission. It also provides that commissions are subject to review by the court and may be increased in a situation of "extraordinary difficulty" or may be diminished "in the event of negligence, or other default on the part of the trustee...."

The Court, in *Arundel Asphalt Prods., Inc.*, discussed this local rule. In that case, the property in question was subject to two mortgages, a deed of trust, judgments, and mechanics'

---

1. Subsequent efforts to adopt a Statewide rule relating to trustee commissions have not been successful. According to *Gordon on Maryland Foreclosures* (3rd ed. 1994), "[t]rustee commissions continue to be set by 'local circuit rules' and are based on the sales price, generally 5% of the sales price." *Id.* at 925 (footnotes omitted). In note 3 at page 925, the author states, "In many cases, the mortgage or deed of trust prov[ides] a specific commission. Numerous unappealed cases have upheld a contractual 15% trustee commission."

2. The Court of Appeals, in its Order dated December 24, 1980, which, in part, suspended Maryland Rule BR7 and rescinded all local rules in effect on December 31, 1980, except those in certain categories, further provided that "thereafter none shall be adopted by any judicial circuit or county." Seventh Circuit Local Rule BR7 was in effect prior to December 24, 1980; we need not discuss whether the Court of Appeals intended to invalidate all local rules adopted on or after January 1, 1981.

liens. Multiple foreclosure actions were instituted, including actions by the holder of a mortgage in first position and the holder of a deed of trust in second position. The latter advertised the property for sale but its action was then stayed. As discussed earlier, a claim for commissions was upheld based on a provision in the deed of trust. The first mortgagee ultimately foreclosed and an auditor's award of commissions equal to 6% of the sales price of $95,000 was upheld. The auditor justified the award in excess of the amount permitted by the percentages stated in the rule by basing it on a rate that was "customary" at the time the mortgage was executed. The Court of Appeals found support for this approach in the language of the mortgage and cited the portion of the local Rule referencing the terms of an agreement. *Arundel Asphalt Prods., Inc.,* 256 Md. at 175–76, 259 A.2d 789. The Court then stated that it need not expressly decide the issue, since it had not been preserved by exception to the auditor's report. *Id.* at 177, 259 A.2d 789.

■ To summarize our conclusions from the above discussion, a court has general power to review the amount of compensation to trustees or persons conducting a sale subject to ratification by a court. Courts have traditionally deferred to the terms of an instrument setting the amount of compensation, absent extraordinary or special circumstances. This deference has been incorporated into the Estates & Trusts Article and the Seventh Circuit Local Rule. The test for deviation from the terms of a written instrument, under the Court of Appeals' cases and prior to statutory enactment, was one of extraordinary circumstances; the test under the statute is one of sufficient cause; and the test under the local rule is extraordinary difficulty or negligence of the trustee. Based on the prior decisions of the Court of Appeals and this court, including *Sokol,* we do not perceive a substantial practical difference, even though different language is employed, between a review pursuant to general power or pursuant to statute. The cases dealing with trusts, mortgages, and deeds of trusts before enactment of the statutes deferred to the provisions in the relevant instruments except in extraordinary

circumstances. That concept has not been changed by the Legislature. To the extent the Local Rule employs a more onerous standard, it is invalid; the circuit court should consider the totality of the circumstances in conducting its review.

We now apply the above principles to this case. It would have been preferable if the circuit court had commented in greater detail on the evidence and given reasons for finding that the terms of the deed of trust were neither unfair nor inequitable. This is particularly true, given the fact that the circuit court concluded that § 14–103 of the Estates & Trusts Article was inapplicable because of the existence of a provision in the deed governing compensation. The circuit court received evidence and heard argument, thereby invoking the court's power to supervise the amount of the compensation. The auditor's findings should be upheld by the circuit court and by this Court unless the auditor's findings are clearly erroneous or the auditor misapplied the law. *James v. James,* 96 Md.App. 439, 448, 625 A.2d 381 (1993). Again, we would have preferred greater specificity in the auditor's findings as to why he felt compelled to adopt the amount of compensation set forth in the agreement. We see no basis in the record, however, upon which to conclude that the amount of compensation was not appropriate or that this case presented extraordinary circumstances or sufficient cause not to follow the terms of the instrument. We are not prepared to hold that the circuit court's findings were clearly erroneous or that the circuit court abused its discretion.

## VI.

Bunn's final argument relates to the deed of trust. He contends that the circuit court improperly considered it as evidence. Alternatively, in the event that the circuit court properly considered it, Bunn suggests that the "Deed of Trust should be construed to provide only that the trustee had the 'power' to retain as 'compensation' a commission of up to 5% of the amount of the sale."

Bunn correctly points out that the deed of trust was not formally introduced into evidence by either party. The circuit court, however, took judicial notice of the deed of trust.

MR. BUNN: Without being technical there is no evidence that there has been an agreement to provide for 5 per cent, no evidence—

THE COURT: The deed of trust note I assume is in the deed of trust itself, would be filed in the proceeding and I obviously am going to take judicial notice of these pleadings that have been filed. The agreement that you entered into as the lender is if they had to foreclose you agreed their trustee would be compensated at the right [sic] of 5 percent commission on the sales price. Why shouldn't I approve that?

MR. BUNN: If the document, if it is in the court file and I didn't introduce it into evidence because I assumed they would introduce it in evidence when it reached that point.

THE COURT: It doesn't matter. Taking judicial notice that it has been filed.

■ Maryland Rule 5–201(b)–(c) authorizes the circuit court to take judicial notice, on its own initiative if necessary, of certain facts:

(b) **Kinds of Facts.**—A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Md.Rule 5–201(b) (1996). Furthermore, the deed of trust was admissible into evidence as a self-authenticating document. Md.Rule 5–803(14)–(15), 5–902(4) (1996).

■ The circuit court reviewed the deed of trust and concluded that Bunn had agreed to the 5% trustee's commission.

Now that agreement is contained in a deed of trust dated the 14th of December, 1990 and in that deed of trust, even

though he [appellant] argues he didn't agree to do so, it is my opinion from reading the applicable paragraph of the deed of trust dealing with the sales in the case of default and commissions to be paid that in fact Mr. Bunn had agreed that if in fact it was necessary for the trustee to sell this property because he was at fault and he agreed he should be reimbursed for the commission of such sale which is basically set forth in the agreement, that the trustee would be entitled to 5 percent commission on the amount of the sale.

It says specifically the trustee has the right after listing various expenses and should retain compensation as trustee, a commission of 5 percent of the amount of said sale or sales.

We see no basis upon which to disturb the circuit court's conclusion.

JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.